STATE OF MISSOURI, Respondent, v. GEORGE NOLLE, Appellant.

**St. Louis Court of Appeals, November 11, 1902.**

1. **Credibility of Witnesses: PRACTICE, TRIAL: WEIGHT OF TESTIMONY: REASONABLE DOUBT.** It is for the trier of the facts to pass upon the credibility of all the witnesses in a case, and to judge of the weight to be given their testimony. And if full faith and credit be given to the witnesses for the State in a criminal prosecution, no reasonable doubt of defendant's guilt can arise.

2. **Judicial Notice: CITY OF ST. LOUIS.** Under the Constitution and laws of the State of Missouri, the city of St. Louis is a separate political division of the State, of whose existence the courts are required to take judicial notice.

3. **Criminal Law: VENUE.** In the case at bar, on the authority of State v. Knolle, 90 Mo. App. (St. L.) 240, it is held that the venue was shown to be in the city of St. Louis.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Willis H. Clark,* Judge.

AFFIRMED.

*Thos. Morris* for appellant.

(1) As it does not appear from the record that any venue was proven, the judgment will not be allowed to stand. State v. Babb, 76 Mo. 503. (2) The State failed to prove that the city of St. Louis was a municipal corporation. The evidence must correspond with the allegation. Frederick v. Allgaier, 88 Mo. 508. (3) The larceny was not proven, except by inference. State v. Dickson, 78 Mo. 438. "Mere suspicion, however strong, will not supply the place of evidence when life or liberty is at stake. State v. Jones, 106 Mo. 302. Criminal statutes should be construed strictly against the State, and in favor of inno-

cence and liberty. State v. McCance, 110 Mo. 399; State v. McLain, 49 Mo. App. 398.

BLAND, P. J.—Defendant appealed from the verdict and judgment of the court of criminal correction of the city of St. Louis finding him guilty of petit larceny and sentencing him to six months in the workhouse.

The evidence for the State tends to prove that the waterworks department of the city of St. Louis was laying pipes at Goodfellow avenue and Natural Bridge road in the month of October, 1900, and that on the twenty-ninth day of October they left one six-inch stop valve, the property of the city of St. Louis, at Goodfellow avenue and Natural Bridge road, in charge of no one. That on the sixth day of November following, the stop valve was found at the powerhouse of the St. Louis Transit Company on North Market street and Spring avenue in the city of St. Louis. To connect the defendant with the removal of the valve from the place where it was left, evidence was offered tending to show that on the thirtieth day of October, 1900, defendant hired a one-horse spring wagon of one Charles Zuheide, a dealer in junk in the city of St. Louis; that about 6:30 p. m. of the same day, defendant and two other men were driving the wagon on Cass avenue when a street car struck the wagon and overturned it and defendant was caught and held under the wagon; that the other two men ran away and were not identified; that in the street within a few feet of the overturned wagon was found the stop valve and a number of fish plates; that the defendant, the wagon, the stop valve and fish plates were taken by the employees of the Transit company to the powerhouse of the company at North Market street and Spring avenue, where the stop valve remained until it was afterwards identified by the employees of the waterworks department and taken away; that the defendant's full name is George Edward Nolle; that when he was taken out from under the wagon he gave his name as George

Edwards, and also gave his name as George Edwards at the powerhouse.

The defendant testified for himself that he was riding in the wagon by the permission of the other two men, whom he found driving on Cass avenue; that when the wagon was struck by the car he was riding in the rear end with his feet hanging over the tail dashboard; that there was a tarpaulin in the middle of the bed of the wagon and that he did not know that the water valve or the fish plates were in the wagon; if they were there, he did not see them; denied that he hired the wagon of Charles Zuheide; denied that he gave his name as George Edwards, but gave his full name as George Edward Nolle to the employees of the Transit company and testified that he did not know the two men who were in charge of the wagon.

There was no evidence that the place where the valve was left by the employees of the city waterworks department was within the corporate limits of the city of St. Louis.

It is contended by defendant's counsel that the evidence is insufficient to warrant a conviction. His criticism is directed principally to the credibility of the witness Zuheide. It was for the trier of the facts to pass upon the credibility of this and of all the witnesses in the case, and to judge of the weight to be given their testimony. If full faith and credit be given to the state witnesses, no reasonable doubt of defendant's guilt can arise.

2. It is contended that there was no proof offered that St. Louis is an incorporated city. Defendant's counsel evidently overlooks the fact that St. Louis is, under the Constitution and laws of the State, a separate political subdivision of the State, of whose existence the courts are required to take judicial notice. Art. 9, sec. 21, Const. 1875; Northcut v. Eager, 132 Mo. 265.

3. It is finally insisted that the venue was not proven. According to the evidence, if the water valve was stolen, it was picked up by the thief where it was left by the employees of the waterworks department

at the intersection of Natural Bridge road and Good-fellow avenue. On the authority of State v. Knolle, 90 Mo. App. (St. L.) 240, we hold the venue was shown to be in the city of St. Louis.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.